UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH MERANTA                          CIVIL ACTION

VERSUS                                  NO.  13-4855

N. BURL CAIN, WARDEN                    SECTION "I"(5)

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States
Magistrate Judge to conduct a hearing, including an evidentiary
hearing, if necessary, and to submit proposed findings and
recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B)
and (C), and as applicable, Rule 8(b) of the Rules Governing
Section 2254 Cases in the United States District Courts.  Upon
review of the entire record, the Court has determined that this
matter can be disposed of without an evidentiary hearing. See 28
U.S.C. § 2254(e)(2).  For the following reasons, **IT IS RECOMMENDED**
that the petition for *habeas corpus* relief be **DISMISSED WITH
PREJUDICE as time-barred**.

## I.   Procedural History

Petitioner, Joseph Meranta, is a state prisoner incarcerated
in the Louisiana State Penitentiary, in Angola, Louisiana.  On
March 12, 2009, Meranta was convicted by a jury in the 22nd
Judicial District Court for the Parish of St. Tammany, Louisiana,
of one count of aggravated rape, a violation of La. R.S. 14:42, and
one count of indecent behavior with a juvenile, a violation of La.
R.S. 14:81.  He was sentenced to life imprisonment without benefit

of probation, parole or suspension of sentence, with credit for time served for aggravated rape, and five years imprisonment with credit for time served, for indecent behavior with a juvenile, to be served consecutively.[1]  Meranta timely appealed, raising one counseled assignment of error: (1) the trial court erred in denying his motion to sever offenses; and raising three *pro se* assignments of error: (1) the trial court erred in denying his motion to quash the indictment because more than two years had elapsed between the institution of prosecution and the commencement of trial; (2) his rights to a fair trial and due process were violated because of the trial court's erroneous admission at trial of other crimes evidence; and (3) the trial court violated his right to a fair trial when it did not provide the jury with an adequate jury instruction on other crimes evidence.  The Louisiana First Circuit Court of Appeal affirmed his convictions and sentences on March 26, 2010.[2]  His subsequent *pro se* request for a writ of certiorari/review to the Louisiana Supreme Court was filed on April 15, 2010.[3]  The Louisiana Supreme Court denied the application for

_____

[1]   State Rec., Vol. 4 of 6, Transcript of sentencing (April 16, 2009), pp. 7-8.

[2]   <u>State v. Meranta</u>, 2009-KA-1378, 2010 WL 1170257, 30 So.3d 1183 (Table) (La. App. 1st Cir. 3/26/10); State Rec., Vol. 5 of 6. The First Circuit Court of Appeal amended the illegally lenient sentence for aggravated rape to provide that it be served at hard labor, and as amended, affirmed the convictions and sentences.

[3]   State Rec., Vol. 6 of 6.  Federal habeas courts apply Louisiana's "mailbox rule" when determining the filing date of a

writ of certiorari on November 12, 2010.[4]  Petitioner did not file for review with the United States Supreme Court.

On June 21, 2011, petitioner filed his first and only *pro se* application for post-conviction relief with the state district court.[5]  In that application, he raised two claims:  (1) trial counsel rendered ineffective assistance in failing to peremptorily challenge a biased juror; and (2) his due process rights were violated when the trial court failed to quash the indictment because the time limitation for prosecution of both crimes had expired.  Relief was denied on August 8, 2011.[6]  Petitioner filed a notice of intent to seek supervisory writ of review with the state district court.[7]  On September 6, 2011, petitioner filed a

---

Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  <u>Causey v. Cain</u>, 450 F.3d 601, 607 (5th Cir. 2006). If that date cannot be gleaned from the state court record with respect to the filings, this Court will use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed.

[4]  <u>State v. Meranta</u>, 2010-KO-0896, 51 So.3d 2 (La. 11/12/10); State Rec., Vol. 5 of 6.

[5]  State Rec., Vol. 5 of 6, Uniform Application for Post-Conviction Relief, signed and dated by petitioner on June 21, 2011 and stamped as filed on June 23, 2011.

[6]  State Rec., Vol. 5 of 6.

[7]  State Rec., Vol. 6 of 6.  The state court record contains a copy of this notice which was signed by petitioner on August <u>6</u>, 2011 (the document does not bear a file-stamp).  In the notice, petitioner states that the judgment was issued on August <u>8</u>, 2011 and he received it on August 16, 2011.  The record does not include

request for review with the Louisiana First Circuit.[8]  The First
Circuit denied relief on December 5, 2011. In its ruling denying
relief, the court stated:

> **WRIT DENIED IN PART AND DENIED ON THE SHOWING MADE IN
> PART.**  Relator's claim of ineffective assistance of
> counsel is denied on the showing made as relator failed
> to provide this Court with a copy of all pertinent
> transcripts and/or minute entries, and any other portions
> of the district court record that might support his
> claim.  In all other respects, relator's application is
> denied.[9]

On December 27, 2011, petitioner filed a request for review of this
decision with the Louisiana Supreme Court.[10] The Louisiana Supreme
Court denied relief on August 22, 2012.[11]

On May 22, 2013, Meranta filed a petition for writ of habeas
corpus with this court, raising two claims:  (1) trial counsel
rendered ineffective assistance in failing to peremptorily
challenge a biased juror; and (2) his due process rights were

---

the trial court's grant of this request or a return date.
Nonetheless, petitioner's writ application was filed within 30 days
of the date of the state district court's ruling. Louisiana Courts
of Appeal Uniform Rule 4-3.

[8]  State Rec., Vol. 6 of 6, copy of application for writ of
review signed and dated September 6, 2011 and stamped as filed
September 7, 2011.

[9]  State Rec., Vol. 5 of 6, State v. Meranta, 2011-KW-1664
(La. App. 1st Cir. 12/5/11).

[10]  State Rec., Vol. 6 of 6, copy of writ application to
Louisiana Supreme Court signed and dated December 27 (year omitted)
and stamped as filed January 3, 2012.

[11]  State Rec., Vol. 5 of 6, State ex. rel Joseph Meranta v.
State, 2012-KH-0010 (La. 8/22/12).

4

violated when the trial court failed to quash the indictment because the time limitation for prosecution of both crimes had expired.[12]

The State responds that Meranta is untimely in bringing his federal habeas petition.  For the following reasons, the court agrees and finds the petition to be untimely.

**II.  Statute of Limitations**

Under the Antiterrorism and Effective Death Penalty Act of

---

[12] The U.S. Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, when submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir.1999), cert. denied, 529 U.S. 1057 (2000). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. See Colarte v. Leblanc, 40 F.Supp.2d 816, 817 (E.D. La.1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application).

The initial pleadings Meranta submitted to this court were transmitted electronically by email from the Louisiana State Penitentiary on June 6, 2013. Meranta submitted a pauper application and a memorandum of law in support of his habeas corpus petition, but did not include a form petition.  The pauper application was signed and dated May 22, 2013.  No signature or date appears on the memorandum in support.  Thus, affording petitioner the benefit of the earliest date appearing in the record, the earliest date on which Meranta could have delivered his pleadings to prison officials for mailing to the court is May 22, 2013, the date he signed his pauper application. The fact that he later paid the filing fee not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843, 843 (5th Cir.2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville v. Cain, 149 F.3d 374 (5th Cir. 1998)).

1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review. See 28 U.S.C. § 2244(d)(1)(A) (West 2013), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.[13] In this case, Meranta's conviction became final, for federal limitations purposes, on February 10, 2011, after the 90 day deadline had passed for filing a writ of certiorari with the U.S. Supreme Court.[14] Under a plain reading of the statute, Meranta then

---

[13]   Title 28 U.S.C. § 2244(d) provides additional grounds, which do not apply here:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[14]   See Sup.Ct.R. 13(1); see also Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.1999); Habteselassie v. Novak, 209 F.3d 1208, 1209 (10th Cir.2000); Harris v. Hutchinson, 209 F.3d 325, 328 n. 1 (4th Cir.2000). In this case, the 90 days commenced with the Louisiana Supreme Court's denial of certiorari on November 12, 2010 and ended on February 10, 2011 with the expiration of the deadline for filing

had one year within which to file his federal habeas petition, or a deadline of February 10, 2012. Meranta did not file his federal habeas petition with this court until May 22, 2013. Thus, his challenge to his 2009 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In order for a state application to be considered "properly filed" for purposes of § 2244(d)(2), the delivery and acceptance of the application must be in compliance with the applicable state laws and rules governing filings. Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), citing Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000). A state application is "pending" both while it is before a state court for review and also during the interval after a state court's disposition, while the petitioner is authorized to proceed to review at the next level of state consideration. Melancon v. Kaylo, 259 F.3d 401, 406 (5th Cir. 2001).

Meranta filed his state post-conviction relief application on June 21, 2011. The properly filed post-conviction application thus

---

a request for writ of certiorari with the U.S. Supreme Court.

interrupted the federal one year limitations period after an expiration of 130 days, leaving 235 days remaining before the federal filing deadline. Allowing for tolling through completion of proceedings in connection with petitioner's post-conviction application, and through denial of the petitioner's request for supervisory review in the Louisiana Supreme Court on August 22, 2012, petitioner then allowed an additional 272 days to elapse, for a total of 402 days, prior to filing his federal habeas petition on May 22, 2013. However, petitioner only had 235 days left of his federal limitations period and that time ran as of April 15, 2013. Thus, his petition was untimely filed and is barred from federal review unless there is a basis for application of equitable tolling of the federal statute of limitations.[15]

## III. Equitable tolling

The Supreme Court has affirmed that the AEDPA "statute of limitations defense ... is not jurisdictional." Holland v. Florida, 560 U.S. 631, ----, 130 S.Ct. 2549, 2560 (2010). As such, the federal statute of limitations is customarily subject to equitable tolling. Id. "The doctrine of equitable tolling preserves a

---

[15] Although the State argued alternatively that petitioner's writ application to the First Circuit was not "properly filed" based on its ruling "that relator failed to provide the Court with a copy of all pertinent transcripts and/or minute entries, and any other portions of the district court record that might support his claim," this Court need not reach that argument given that petitioner's federal habeas petition was untimely filed, even assuming proper tolling for the entire duration of his state post-conviction proceedings.

plaintiff's claims when strict application of the statute of limitations would be inequitable." Rivera v. Quarterman, 505 F.3d 349 (5th Ci.2007), citing Davis v. Johnson, 158 F.3d 806 (5th Cir.1998).

The Holland court adopted the established standard for determining whether equitable tolling applies: "[T]hat a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. 408, 418 (2005). See also Davis, 158 F.3d at 810. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' "Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999), quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir.1996). What constitutes an "extraordinary circumstance" necessarily involves a "fact-intensive" inquiry. Holland, 130 S.Ct. at 2565. "In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." Id. Moreover, the petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.2000).

In this instance, petitioner has made no specific argument in favor of equitable tolling, despite the State's asserted time-bar

defense. Accordingly,

**RECOMMENDATION**

**IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE as time-barred**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[16]

New Orleans, Louisiana, this 11th day of ____February____, 2014.

ALMA L. CHASEZ
**UNITED STATES MAGISTRATE JUDGE**

---

[16]   <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.